IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATISHA MILLER,              )<br>                              )<br>     Plaintiff,              )<br>                              )<br>v.                            )<br>                              ) CIVIL ACTION FILE NO.:<br>                              ) 1:13-cv-1358-AT<br>UNITED AUTOMOBILE             )<br>INSURANCE,                    )<br>                              )<br>     Defendant                ) | |

## PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.1(B), Plaintiff Latisha Miller makes the following initial disclosures:

**1.    State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiffs contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Classification of cause of action:

Insurance bad faith.  The insurer failed to settle a lawsuit against the insured within policy limits when the insurer had reasonable opportunities to do so.  The insurer also breached the insurance contract by failing to promptly pay amounts due and prematurely withdrawing its defense of the insured.

1

Brief factual outline:

The negligence and bad faith of Defendant United Automobile Insurance ("United Auto") resulted in a $76,682.19 judgment against Plaintiff Latisha Miller. This case arises out of an automobile accident in which Ms. Miller caused personal injury to Ms. Cindy Graham. United Auto had opportunities to settle Ms. Graham's claims against Ms. Miller within policy limits of $25,000. Placing its own financial interests ahead of Ms. Miller's, United Auto squandered the opportunities, failed to settle, and caused a ruinous judgment against Ms. Miller.

To make matters worse, United Auto failed for almost two years to pay policy limits of $25,000 in partial satisfaction of the judgment, a clear breach of the insurance policy.[1] United Auto contends that it finally paid the policy limits in partial satisfaction of the judgment *after* Ms. Miller filed this lawsuit. Ms. Miller has been provided no documentation confirming the payment. It is unclear whether United Auto paid post-judgment interest, which is required by a typical automobile liability policy.

---

[1] Ms. Miller has not yet received a complete copy of the policy. Payment of policy limits in partial satisfaction is a standard term of a typical policy.

2

The automobile accident that underlies this case occurred on June 13, 2009. Ms. Miller was at fault for the accident. Ms. Graham was injured in the accident. Following an MRI and other treatment, Ms. Graham was diagnosed with a painful pinched nerve and herniated disc at L5-S1 as a proximate result of the automobile accident. Her injuries negatively impacted her sciatic nerve, resulting in lingering pain and reduced mobility. She suffered an impairment rating of 13 percent as a proximate result of the accident.

Ms. Graham retained attorney Lashonda Council Rogers to pursue claims against Ms. Miller. Ms. Rogers made several demands upon United Auto to settle Ms. Graham's claims for amounts within the relatively small policy limits of $25,000. (Indeed, $25,000 is the lowest amount of automobile liability insurance United Auto is allowed to issue under Georgia law.) United Auto rejected each opportunity to settle the claims within policy limits. Specifically, United Auto made a series of "low-ball" counteroffers, hoping to save money for itself while putting Ms. Miller at risk of substantial legal liability.

On behalf of Ms. Graham, Ms. Rogers filed a lawsuit against Ms. Miller styled, *Cindy Graham v. Latisha Miller*, State Crt. DeKalb Cty., 10A2442 ("Underlying Lawsuit"). During the Underlying Lawsuit, United Auto had

additional, reasonable opportunities to settle within policy limits. For example, on April 26, 2010, Ms. Graham served an Offer of Settlement pursuant to O.C.G.A § 9-11-68 in the amount of $12,000. United Auto unreasonably rejected the opportunity to settle, choosing to roll the dice at trial.

The Underlying Lawsuit went to trial, resulting in a jury verdict against Ms. Miller in the amount of $55,014.80. With the inclusion of attorneys' fees and costs, judgment was entered against Ms. Miller on May 23, 2011, in the amount of $76,682.19. The judgment continues to accrue interest at the legal rate. Ms. Miller is now responsible for the entire judgment and for the post-judgment interest that continues to accrue.

After the judgment was entered and the time to appeal passed, United Auto refused to pay its policy limits in partial satisfaction of the judgment. Instead, United Auto insisted that Ms. Graham accept $25,000 in full satisfaction of the judgment. Ms. Graham rejected the offer. Instead of paying policy limits in partial satisfaction of the judgment, United Auto held on to its money while post-judgment interest accrued to Ms. Miller's detriment.

Ms. Graham (through her attorney) instituted aggressive collection efforts against Ms. Miller. United Auto retained counsel to represent Ms. Miller in these

collection efforts, as it was required to under the insurance contract until such time that it paid policy limits in partial satisfaction of the judgment. United Auto abruptly withdrew its defense of Ms. Miller while the collection proceedings against her continued and before United Auto had paid policy limits in partial satisfaction of the judgment. Thus, United Auto also breached the duty to defend.

Statement of legal issues:

- Whether United Auto had reasonable opportunities to settle the claims against Ms. Miller within policy limits before the judgment was entered against her.

- Whether United Auto breached the insurance policy by failing to pay policy limits in partial satisfaction of the judgment.

- Whether United Auto breached the insurance policy by failing to defend Ms. Miller until it paid policy limits in partial satisfaction of the judgment.

- Whether United Auto breached the insurance policy by failing to pay any other amounts due under the insurance policy.

- Whether United Auto breached the insurance policy in "bad faith" within the meaning of O.C.G.A. § 33-4-6.

- Ms. Miller's damages, including possible punitive damages.

- Whether Ms. Miller is entitled to attorneys' fees.

- Whether Ms. Miller is entitled to nominal damages as an alternative to any of the other damages claimed.

**2.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

An insurance company's failure to settle within policy limits when presented with a reasonable opportunity to do so constitutes a tort under Georgia law. *Southern General Ins. Co, v. Holt*, 262 Ga. 267, 268, 416, 4 S.E. 2d 274, 276 (1992).

The "Equal Consideration Rule" provides the standard by which an insurance company's decision to not settle a claim against its insured is measured. *United States Fidelity & Guar. Co. v. Evans*, 116 Ga. App. 93, 94, 156 S.E.2d 809 (1967), *aff'd.*, 223 Ga. 789 (1967).  The *Evans* court described the rule as follows:

> As a professional in the defense of suits, [the insurer handling the defense] must use a degree of skill commensurate with such professional standards. As the champion of the insured, [the insurer] must consider as paramount his interests, rather than its own, and may not gamble with his funds.

*Id*. 116 Ga. App. at 95.

6

"Georgia courts generally hold that the reasonableness of an insurer's response [to a time-limited demand] in a tortious failure to settle claim is a question for the jury." *Butler v. First Acceptance Ins. Co., Inc.*, 652 F. Supp. 2d 1264, 1277 (N.D. Ga. 2009) (ruling that a jury must consider "the totality of the circumstances" to determine whether an insurer acted as an "ordinarily prudent insurer").

Punitive damages are appropriate when an insurer fails to settle and causes a judgment in excess of policy limits to be entered against the insured: *Thomas v. Atlanta Cas. Co.*, 253 Ga. App. 199, 205, 558 S.E. 2d 432 (2001). O.C.G.A. § 51-12-5.1.

Attorneys' fees under OCGA § 13-6-11.

Statutory bad faith damages under O.C.G.A. § 33-4-6.

Possible nominal damages under OCGA § 51-12-4.

**3.    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims and defenses, unless solely for impeachment, identifying the subjects of the information.**

(See, Attachment "A").

**4.    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of**

7

**Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

None at this time.

**5.    Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Ms. Miller possesses the documents referenced in her complaint. She also possesses documents generated during the Underlying Lawsuit and during Ms. Graham's attempts to collect on the judgment.

**6.    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.**

Ms. Miller is entitled to the remaining amount of the judgment so that she may satisfy her liability to Ms. Graham. The unsatisfied portion is believed to be $51,682.19, subject to post-judgment interest and any other collection costs that Ms. Graham has incurred and that are allowed by law. Ms. Miller possesses a copy of the judgment, but United Auto has never provided her any documents evidencing any partial satisfaction of the judgment.

The very existence of the judgment causes mental distress to Ms. Miller and damages her creditworthiness.

Ms. Miller is entitled to punitive damages as determined by a jury.

Ms. Miller is entitled to the statutory penalty and attorneys' fees allowed by O.C.G.A. § 33-4-6.

Ms. Miller is entitled to attorneys' fees and costs in this litigation, which remain uncalculated.  In the alternative or in addition, Ms. Miller is entitled to nominal damages.

**7.    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

None known.

**8.    Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

None known.

9

Submitted on May 23, 2013.

                               <u>*/s/Richard E. Dolder*</u>
                               James ("Jay") Sadd
                               Georgia Bar No. 622010
                               Richard E. Dolder, Jr.
                               Georgia Bar No. 220237
                               SLAPPEY & SADD
                               352 Sandy Springs Circle
                               Atlanta, Georgia 30328
                               (404) 255-6677 (telephone)
                               jay@lawyersatlanta.com
                               rich@lawyersatlanta.com
                               Attorneys for Plaintiff

## ATTACHMENT "A"

**Latisha Miller,** c/o her attorneys
Ms. Miller possesses knowledge of her damages.

**Cindy Graham,** no contact information known
Ms. Graham has knowledge of her claims against Ms. Miller.

**Lashonda Council Rogers,** 170 Mitchell Street, SW, Atlanta, Georgia 30304, (404) 526-8857
Ms. Rogers prosecuted the claims against Ms. Miller and provided United Auto opportunities to settle within policy limits.

Unknown United Auto adjusters who worked on the claim and likely have knowledge of United Auto's failure to settle within policy limits and United Auto's decisions with respect to paying policy limits and withdrawing its defense.

**Trevor Hiestand,** Waldon, Adelman, Castilla, Hiestand & Prout; 900 Circle 75 Parkway; Suite 1040; Atlanta, GA  30339.

**Jonathan Granade,** Casey Gilson, P.C., Six Concourse Parkway, Suite 220, Atlanta, GA  30328

Messrs. Hiestand and Granade were defense counsel retained by United Auto to defend Ms. Miller.

**Sean L. Hynes,** Downey & Cleveland, LLP, 288 Washington Avenue, Marietta, Georgia 30060, (770) 422-3233.
According to information learned in the 26(f) conference, Mr. Hynes may have discoverable information regarding the decision as to when and whether to pay policy limits in partial satisfaction of the judgment.

11

## CERTIFICATE OF SERVICE

The foregoing **Plaintiff's Initial Disclosures** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record for Progressive Mountain Insurance Company.  I further certify that the forgoing was prepared in Times New Roman 14pt and otherwise complies with Local Rule 5.1.

Respectfully submitted May 23, 2013.

>*/s/ Richard E. Dolder*
>Richard E. Dolder
>Georgia Bar No. 220237
>SLAPPEY & SADD, LLC
>352 Sandy Springs Circle
>Atlanta, Georgia 30328
>(404) 255-6677 (voice)
>rich@lawyersatlanta.com
>Attorneys for Plaintiff